IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00063-BNB

BOB ALLEN CUSTARD,

    Plaintiff,

v.

DAVID ALLRED, et al.,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO
FILE AMENDED PRISONER COMPLAINT
AND TO SHOW CAUSE

---

    Plaintiff, Bob Allen Custard, is in the custody of the United States Bureau of Prisons and currently is incarcerated at the United States Penitentiary Administrative Maximum (ADX) in Florence, Colorado. Mr. Custard, acting *pro se*, initiated this action by filing a Prisoner Complaint alleging that his constitutional rights have been violated. He seeks money damages and declaratory and injunctive relief.

    The Court must construe the Prisoner Complaint liberally because Mr. Custard is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will direct Mr. Custard to file an Amended Prisoner Complaint and to show cause why he should not be denied leave to proceed under 28 U.S.C. § 1915(g).

    Mr. Custard is a prisoner. He seeks leave to proceed without prepayment of fees or security therefor pursuant to 28 U.S.C. § 1915. In relevant part, § 1915 provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Mr. Custard, on three or more prior occasions, has brought an action in this Court that was dismissed on the grounds that it was frivolous, malicious, or that it failed to state a claim. *See Custard v. Lappin, et al.*, 07-cv-00844-ZLW (D. Colo. July 26, 2007) (dismissed as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)), *aff'd*, 260 Fed. Appx. 73 (10th Cir. Jan. 3, 2008) (recognizing that Mr. Custard is subject to § 1915(g) three strike filing restriction); *Custard v. Gariety*, No. 04-cv-03078-RED-P (S.D. Mo. July 22, 2004) (dismissed pursuant to 28 U.S.C. § 1915A(b)(1) & (2)), *aff'd*, No. 05-1067 (8th Cir. Aug. 3, 2005); *Custard v. Agtuca, et al.*, No. 00-cv-00927-JPG (S.D. Ill. Mar. 6, 2002) (dismissed for failure to exhaust counted as a strike), *appeal dismissed*, No. 02-1748 (8th Cir. July, 12, 2002).

On Page Two of the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, in answer to the question about whether he is in imminent danger of serious physical injury, Mr. Custard states that "[e]ach claim herein . . . have [sic] already directly caused and continued to cause serious physical injuries and/or a substantial risk of serious physical harm . . . ." Motion (Doc. # 2) at 2.

Mr. Custard's Complaint is twenty-eight pages long.  He has named fifty-two

defendants in his complaint.  The claims are disjointed and repetitive and his hand writing is extremely difficult to read.  Further, the Complaint is single spaced, which makes Mr. Custard's claims almost illegible.  The Court is unable to determine with any specificity what Mr. Custard is alleging.  Pursuant to Fed. R. Civ. P. 8(a), a pleading "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought."  Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Custard also is required to provide "specific fact allegations of **ongoing** serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (emphasis added).  Vague or conclusory allegations of harm are insufficient.  *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998).

The Court finds that Mr. Custard has initiated three or more actions that count as strikes pursuant to 28 U.S.C. § 1915(g) and that he fails to assert specific fact allegations that he is under imminent danger of serious physical injury.  Pursuant to § 1915(g) he is precluded from bringing the instant action *in forma pauperis*.  Mr. Custard will be ordered to show cause why he should not be denied leave to proceed pursuant to 28 U.S.C. § 1915(g).

Mr. Custard also will be directed to amend his Complaint in compliance with

Rule 8 and assert only claims that have placed him imminent danger of serious physical injury. Further, Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible. *See* D.C.COLO.LCivR 10.1E. and G. The complaint Mr. Custard filed is difficult to read because it is single-spaced. The amended complaint Mr. Flores will be directed to file, if handwritten, shall be **double-spaced** and written legibly. In addition, Mr. Custard is reminded that he must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Custard must name and show how named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

To state a claim in federal court, Mr. Custard must explain in the Amended Complaint what each defendant did to him, when the defendant did the action, how the defendant's action harmed him, and what specific legal right he believes the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Custard show cause in writing **within thirty days from the**

**date of this Order** why he should not be denied leave to proceed pursuant to 28 U.S.C. § 1915 because: (1) he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action in a court of the United States that was dismissed on the grounds that it was frivolous; and (2) he fails to assert with any specificity that he is under imminent danger of serious physical injury. It is

FURTHER ORDERED that Mr. Custard file **within thirty days from the date of this Order** an Amended Prisoner Complaint that is in keeping with the instant Order. It is

FURTHER ORDERED that Mr. Custard shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov for use in filing an Amended Prisoner Complaint. It is

FURTHER ORDERED that if Mr. Custard fails to file an Amended Prisoner Complaint within the time allowed the Complaint and action will be dismissed without further notice.

DATED January 20, 2012 at Denver, Colorado.

            BY THE COURT:

            *s/Craig B. Shaffer*
            United States Magistrate Judge