IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00063-REB-CBS

BOB ALLEN CUSTARD,
    Plaintiff,
v.

DAVID ALLRED, *et al.*,
    Defendants.

## ORDER
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Mr. Custard's: (1) "Motion for Judgment by Default against Non-Responsive Defendants" (Doc. # 82); and (2) "Motion for Contempt of Court Sanctions against Defendants['] Counsel" (Doc. # 37), both filed on June 4, 2012. Pursuant to the Order of Reference dated March 2, 2012 (Doc. # 27) and the memorandum dated June 5, 2012 (Doc. # 84), these matters were referred to the Magistrate Judge. The court has reviewed the Motions, the entire case file, and the applicable law and is sufficiently advised in the premises.

    First, "[p]ersonal jurisdiction over the defendant is required before a default judgment in a civil case may be entered." *Bixler v. Foster*, 596 F.3d 751, 761-62 (10th Cir. 2010) (citation omitted). Mr. Custard has not demonstrated that Defendants Rogers and Vanaman were served with the summons and complaint as provided by Fed. R. Civ. P. 4. Mr. Custard asserts that they avoided service. However, Mr. Custard provides no proof that Defendants Rogers and Vanaman are purposely attempting to evade service of process. Even if an entry of default were appropriate

based on Mr. Custard's mere conclusory allegations of fraudulent evasion of service, Mr. Custard would not be entitled to a judgment against Defendants Rogers and Vanaman. *See Bixler*, 596 F.3d at 762 (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("[A] defendant's default does not in itself warrant the court in entering a default judgment."). "Once default is entered, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Bixler*, 596 F.3d at 762 (internal quotation marks and citations omitted).

Second, it is well-settled that "a district court has broad discretion in using its contempt power to require adherence to court orders." *ClearOne Communications, Inc. v. Bowers*, 651 F.3d 1200, 1210 (10th Cir. 2011) (internal quotation marks and citation omitted). "Civil contempt has a remedial objective and seeks to compel future compliance with a court order." *ClearOne Communications*, 651 F.3d at 1210 (internal quotation marks and citation omitted). "To find civil contempt, the court must find by clear and convincing evidence that (1) a valid court order existed; (2) the contemnor had knowledge of that order; and (3) the contemnor disobeyed the order." *Id.* Mr. Custard does not provide clear and convincing evidence that Defendants' counsel had knowledge of and disobeyed a court order.

Accordingly, IT IS ORDERED that:

1. Mr. Custard's "Motion for Judgment by Default against Non-Responsive Defendants" (Doc. # 82) (filed June 4, 2012) is DENIED.

2. Mr. Custard's "Motion for Contempt of Court Sanctions against

Defendants' Counsel" (Doc. # 37) (filed June 4, 2012) is DENIED.

DATED at Denver, Colorado, this 5th day of June, 2012.

BY THE COURT:

   s/Craig B. Shaffer
United States Magistrate Judge