**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 12-cv-00063-REB-CBS

BOB ALLEN CUSTARD,

    Plaintiff,

v.

DAVID ALLRED,
CLEMENTI,
BENJAMIN BRIESCHKE,
MARK COLLINS,
COOK,
BLAKE DAVIS,
ANDREW FENLON,
FOSTER,
J. JOHNSON,
KELLAR,
RICHARD MADISON,
MARK MUNSON,
T. MANSPEAKER,
ANTHONY OSAGIE,
P. RANGEL,
SMITH,
TENA SUDLOW,
C.A. WILSON,
BUREAU OF PRISONS,
HUDDLESTON,
MITCHELL,
STEVEN ROGERS,
VANAMAN, and
R. WILEY,

    Defendants.

## ORDER

**Blackburn, J.**

The matters before me are (1) **Pltf's** [*sic*] **Objections to a Federal Judge of the Erroneous Order of a Magistrate on Doc. 163** [#168],[1] filed September 26, 2012; and (2) **Pltf's** [*sic*] **Objections to the REB Memorandum (Doc. 166) Regarding "[165] Motion for Order"** [#171], filed October 4, 2012.  I overrule the objections.

Plaintiffs' objections pertain to non-dispositive matters that have been referred to the magistrate judge for resolution.  Pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(a), I may modify or set aside any portion of a magistrate judge's order which I find to be clearly erroneous or contrary to law.

Plaintiff is proceeding *pro se*. Thus, I have reviewed his filings more liberally than pleadings or papers filed by attorneys.  ***See, e.g., Erickson v. Pardus***, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); ***Haines v. Kerner,*** 404 U.S. 519, 520-21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991).

Having reviewed the magistrate judge's order and the apposite motions, I conclude that the magistrate judge's order is not clearly erroneous or contrary to law. The objections therefore will be overruled.

However, I write further to advise plaintiff, as I have previously (***see* Order Overruling Objection to Order (Doc. 89) Striking "Plaintiff's Opposition (Doc. 86) to Defendants' Motion for Extension of Time"** at 2 n.2 [#133], filed July 9, 2012), that I fully concur with the United States Magistrate Judge's actions in striking plaintiff's

---

[1] "[#168]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF).  I use this convention throughout this order.

abusive and impertinent pleadings.  As the Tenth Circuit has made patent:

> Such writings are intolerable, and we will not tolerate them. Due to the very nature of the court as an institution, it must and does have an inherent power to impose order, respect, decorum, silence, and compliance with lawful mandates. This power is organic, without need of a statute or rule for its definition, and it is necessary to the exercise of all other powers. . . .  Although recognizing the leniency typically given to *pro se* plaintiffs, the court . . . simply will not allow liberal pleading rules and *pro se* practice to be a vehicle for abusive documents.  Our *pro se* practice is a shield against the technical requirements of a past age; it is not a sword with which to insult a trial judge.

***Garrett v. Selby Connor Maddux & Janer***, 425 F.3d 836, 841 (10th Cir. 2005) (citations and internal quotation marks omitted).  ***See also Lazarov v. Kimmel***, 2011 WL 165180 at *6-7  (D. Colo. Jan. 18, 2011) ("[O]ne of the principal purposes of our court systems [is] to provide a safe, effective forum for resolving disputes that is characterized by civility.") (citation and internal quotation marks omitted).  Plaintiff has been warned repeatedly, not only in this case but in prior litigation before this court (***see Custard v. Young***, 2008 WL 791954 at *10 (D. Colo. Mar. 20, 2008)), that submissions such as these are improper and will not be tolerated.  Yet he continues to file motions and objections (including the present objections) characterized by invective, abuse, and derision directed toward both the Magistrate Judge and, to a somewhat lesser extent, this court.

      I therefore take this opportunity to specifically caution and admonish plaintiff in the strongest possible terms that his persistence with such practices will not be tolerated.  Accordingly, any future motions or objections that attack or impugn the integrity of the court or which are impertinent, scandalous, or improper, as more fully

described herein, may be stricken without further notice to plaintiff.  Moreover, if plaintiff cannot conform to the most basic precepts of decency and decorum required of litigants in this court, including *pro se* litigants, further sanctions will be considered, up to and including dismissal of his claims.  ***See Lynn v. Simpson***, 2000 WL 745324 at *6 (D. Kan. Apr. 10, 2000).

**THEREFORE, IT IS ORDERED** as follows:

1. That **Pltf's** [*sic*] **Objections to a Federal Judge of the Erroneous Order of a Magistrate on Doc. 163** [#168], filed September 26, 2012, are **OVERRULED**;

2.  That **Pltf's** [*sic*] **Objections to the REB Memorandum (Doc. 166) Regarding "[165] Motion for Order"** [#171], filed October 4, 2012, are **OVERRULED**; and

3.  That plaintiff is specifically **ADMONISHED** and **WARNED** that future filings that are abusive, impertinent, or otherwise improper will be stricken without further notice and may leave to the consideration by the court of more drastic sanctions, up to and including dismissal of plaintiff's claims in this lawsuit.

Dated November 1, 2012, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge